Narcissa P. Saunders *v.* Anna McLean, Minor by Next Friend

Tenants in Common. *Charge on land. Taxes paid by one tenant. Satisfaction of claim.*

J. and N. owned a tract of land as tenants in common. M., a creditor of J., attached his undivided interest therein, which was sold under the attachment and bought by M. Pending the attachment suit, J. conveyed his interest in the land to N., in consideration of money previously advanced by the latter to pay the taxes on the land. M. sought a partition of the land. N. claimed the whole by virtue of the deed from J., but, making her answer a cross-bill, asked that in the event such deed should be held void, one-half of the money advanced by her in payment of taxes while the land was owned by herself and J. together be declared a lien on complainant's half of the land. The chancellor declared the deed from J. to N. void, but charged M.'s interest in the land, with one-half of the sum of money advanced by N. for the payment of taxes, as prayed in the cross-bill. *Held*, that N., by accepting the conveyance of J.'s interest in the land, in payment of the sum due her by J. for the taxes, thereby extinguished the debt and the lien therefor. The deed carried J.'s interest in the land, subject to the claim of the attaching creditor, which N., having neglected to protect, was lost to her by the sale under the attachment.

APPEAL from the Chancery Court of Carroll County.

HON. R. W. WILLIAMSON, Chancellor.

The case is stated in the opinion of the Court.

*W. B. Helm*, for the appellant.

John E. Saunders owed appellant, as both state, more than $1000 for taxes alone, besides being indebted for borrowed money. This land was all he had left with which to pay, and he intended this to cover all. Now the acceptance by her of all he had, though inadequate to extinguish all indebtedness, yet if the sister chose to donate the residue to the brother, furnishes no authority to outside parties to claim the benefit thereof. There was no accounting between them, no amount for taxes or on any other account was stated or agreed on; but, knowing that he owed her greatly more than his interest, he gave that. She does not claim the whole of the land now, but asks only that she be paid what she has expended for its preservation and protection. Has Miss McLean been damaged in any respect by anything that has been done? She asks equity; she should be willing to do that that is equitable.

*Frank Johnston*, on the same side.

There is only one question presented in the case, and that is, What amount was due to the appellant for taxes on accounting between herself and the appellee as tenants in common?

The chancellor decreed that the deed was inoperative or void, and conveyed no title. But it was also decreed that Miss Saunders was entitled to contribution for taxes paid by her, provided the sum did not exceed $1000, the amount recited in the deed.

This provision of the decree was erroneous. The chancellor placed his ruling on the ground of estoppel, though it is manifest that it possesses none of the elements of an estoppel.

I insist that, after the deed conveying Jno. E. Saunders' half-interest to Miss Saunders had *been vacated and set aside*, and she and the appellee expressly decreed to be tenants in common, the former was entitled to contribution on all taxes paid by her.

*Nugent & McWillie*, for the appellee.

The action of the court below in applying the doctrine of

estoppel and limiting the amount of appellant's claim for taxes previously paid to $1000, the amount recited in her deed of conveyance, is assigned for error.   It is enough to say of this assignment that the features of the decree objected to *worked no injury to appellant, since she failed to prove the amount to which her decree was limited by several hundred dollars.*   But, even had the proof been sufficient, we still could not subscribe to the view of opposing counsel, that she was not estopped by the recital in her deed, on the grounds that estoppel is only applied in cases of valid and binding deeds, or where the deed is made the foundation or defence of the particular action.   In this case the deed was made the foundation in part of appellant's defence in her answer to the original bill, and was also made the foundation for her own cross action.

In her cross bill she puts her claim for contribution at $1000, avers that the deed was made in consideration of the tax moneys advanced by her, and, only praying contribution as a secondary form of relief, squarely planted herself on the fraudulent conveyance and claimed the whole of the land as her own. The half-interest alleged to have been purchased *pendente lite* from her insolvent brother is shown to have been purchased at a grossly inadequate price, and her deed was held to be fraudulent and inoperative so far as appellee was concerned; but there is no reason to say that, because the fraud was not effectuated, the appellant should not be bound by those solemn admissions appearing in the instrument through which it was to be accomplished, and which she urged upon the court below in every possible way in order to carry out her design.

Cooper, C. J., delivered the opinion of the Court.

In December, 1883, the appellant and her brother, J. E. Saunders, were owners as tenants in common of the lands described in the pleadings. At that time John E. Saunders was a non-resident and indebted to the appellee in a considerable sum, to secure the payment of which she instituted a suit against him by attachment in chancery, and levied upon his undivided interest in the land. In this proceeding a final decree was rendered in favor of complainant, under which the land attached was sold and she became

the purchaser; the sale was in due time confirmed and a conveyance made to her by the commissioner under the direction of the court. Pending the attachment proceeding, the appellant with notice of the same, took a conveyance from defendant in attachment for his undivided interest in the land, the consideration being a debt due to her from him for moneys advanced by her from time to time since the year 1868 to pay the taxes on the common lands, and for which she had a lien upon the lands at the time the attachment was levied. The present bill is one exhibited by appellee to partition the lands, against which the defendant (appellant) defended upon the ground that by the conveyance from her brother she acquired his interest in the property; but apprehending that this claim might not be sustained, she made her answer a cross bill and prayed that if the conveyance did not invest her with the title, then, that she might have an account of the sums advanced by her to the payment of the taxes while the land was owned by herself and her brother, and that a lien should be fixed upon compliant's half for one-half of such sums and interest thereon. On the original bill partition was decreed and has been made; on the cross bill the chancellor held that the conveyance from J. E. Saunders to appellant was void and inoperative to convey title, but that appellant was entitled to charge the land with the money advanced to pay taxes on the property, not however to exceed the consideration price expressed in the deed, which was one thousand dollars. Under this interlocutory decree an account was stated, from which it appears that there was due complainant some $700.00 for which a decree was made, charging its payment on the interest of complainant in the land. From this decree the cross complainant appeals and assigns for error the ruling of the court by which she was restricted to the sum named in the deed, and, also, in overruling exceptions taken to the action of the commissioner in excluding certain items propounded by her for allowance.

The view we take of the rights of the respective parties makes it unnecessary to consider either of the errors assigned, for in no event can the appellant complain of the result reached. Conceding that she held a lien upon the interest of

her co-tenant for taxes paid by her to preserve the common estate, and that she might have charged the land with its payment after it had come to the hands of the complainant; yet, by accepting a conveyance from her brother in payment of the sum due, the debt, and with it the lien which existed for its security, was extinguished. After the execution of the deed the appellant was the owner of the land by conveyance, pendente lite, and her right was to pay off the attachment levied on the land and thus secure the unincumbered title. The conveyance discharged the debt and vested in her the legal title, but it was subject to the lien of the attaching creditor, and since appellant was a purchaser pendente lite, it was necessary for the protection of the title she had acquired that she should protect the property from sale under the decree in favor of the attaching creditor. By permitting it to be sold she lost the title, but did not re-acquire the debt; that was discharged in consideration of the conveyance she had accepted. The court below erred in fixing any charge upon the land in her favor; but since the appellee has not prosecuted a cross-appeal the decreee cannot be reversed on that ground, and appellant has no ground of complaint, since she is not entitled to collect the rejected portion of her account, and ought not to have recovered any portion of that for which she has secured a decree.

*The decree is affirmed.*